Whitaker, Judge,
concurring:
In my view the majority is correct in holding that the appellants had title to the parcel in question at the time of the 1837 cession. I think that this is so only because it can fairly be said that all of the acts of the Government’s agents with respect to these lands, before the treaty of Prairie du Chien, at the time the treaty was signed, and thereafter, taken together, constituted a recognition that the area belonged to the Sioux.
But I do not think that Article 5 of the treaty of Prairie du Chien is susceptible of the construction that it recognized that the Sioux had title to the lands. Article 5, which purports to define the eastern boundary of Sioux territory, says that the boundary runs from a named point to the mouth of the Black River and then from the Black River to a point half a day’s march below the falls of the Chippewa River. When the treaty made the line run from the Black River to a point half a day’s march below the falls, it must of necessity have meant to start the call at the mouth of the Black River, not from some other, unnamed, point on it. Otherwise, there would be a gap in the call, and this is as intolerable *339 in a treaty as it would be in a deed. A gap in a deed’s or a treaty’s description of a boundary is no more permissible than a gap in a corral fence.
Jones, Chief Judge, joins in the above concurring opinion.